**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL ) <br>    CASUALTY INSURANCE COMPANY, ) <br>                                                  ) <br>         Plaintiff,                   ) <br>                                                  ) <br> v.                                            ) <br>                                                  ) <br> RIVER CITY ROOFING, LLC, *et al.*, ) <br>                                                  ) <br>        Defendants.         ) | C. A. No. 3:21cv365 |

**PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING ITS MOTION FOR
RECONSIDERATION OF THE COURT'S MARCH 3, 2022 ORDER (DKT. 49)**

The Plaintiff, Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), by counsel, states the following in support of its Rule 54(b) motion for reconsideration[1] of the Court's March 3, 2022 Memorandum Opinion (Dkt. 48) and Order (Dkt. 49) granting, in part, and denying, in part, Penn National's motion for summary judgment against defendant Branch Builds, Inc. ("Branch") (Dkt. 33).[2]

For the reasons set forth herein, Penn National respectfully requests that the Court grant its Motion and amend the Court's Order (Dkt. 49) to enter final, summary judgment in Penn National's favor.

INTRODUCTION

On December 17, 2021, Penn National filed its motion for summary judgment against Branch (Dkt. 33), with a supporting memorandum of law (Dkt. 34.)[3] The motion argued, in part, that the

---

[1] Hereinafter, the "Motion."

[2] Penn National's summary judgment motion (Dkt. 33) and supporting briefs (Dkt. 34, Dkt. 45) are incorporated herein, by reference.

[3] On the same date, Penn National also filed a materially identical motion for default judgment against co-defendant River City Roofing, LLC ("River City). (Dkt. 31, 32.) The Court's March 3, 2022 Order stated that "the

allegations in the lawsuit filed against Penn National's insured, River City Roofing, LLC ("River City") in the Circuit Court for the City of Richmond, Virginia, styled *Branch Builds, Inc. v. DC Quality Builders, Inc., et al.*, case number 20-3726 (the "Underlying Action"), do not require Penn National to defend or indemnify River City in connection with that lawsuit, or to pay any judgment that Branch might be awarded against River City in that action. This portion of Penn National's argument was based upon the exclusions for (a) "impaired property," (b) "your work," and (c) "contractual liability" provided under Penn National's commercial general liability insurance contract issued to River City, contract number CL9 0727954, for the contract periods March 15, 2016, to March 15, 2017, and March 15, 2017, to March 15, 2018 (the "CGL Contract"), as well as in Penn National's umbrella liability insurance contract issued to River City, contract number UL90727954, for the contract periods March 15, 2016 to March 15, 2017, and March 15, 2017 to March 15, 2018 (the "Umbrella Contract," and collectively with the CGL Contract, the "Insurance Contracts"), not to mention the parameters of the Insurance Contracts' respective insuring agreements. (Dkt. 34 at 21-30; Dkt. 45 at 17-20.)

Following briefing on Penn National's motion and the February 16, 2022 oral argument before the Court, on March 3, 2022, the Court issued a memorandum opinion and order (Dkt. 48, Dkt. 49) granting, in part, and denying, in part, Penn National's motion. Although the Court did not agree with all of the arguments that Penn National had presented, the Court agreed with Penn National that the Insurance Contracts' respective "your work," "impaired property," and "contractual liability" exclusions relieved Penn National of the duty to defend River City in the Underlying

---

Court will defer deciding whether to enter default judgment against River City until after [the Court] has issued [its] Memorandum Opinion and Order." (Dkt. 48 at 5, n.2.) To date, the Court has not ruled on the motion for default judgment, which turns upon the same questions of law and undisputed fact that apply to the summary judgment motion against Branch.

Action. (Dkt. 48 at 9-12.) As the Court correctly held, based on Branch's allegations in the Underlying Action and the Insurance Contracts' terms, "there is no possibility that a judgment against [River City] will be covered under the policies." (Dkt. 48 at 11.) The Court rightly observed that "every allegation Branch alleges against River City [in the Underlying Action] is excluded by one of the policies' many exclusions." (Dkt. 48 at 12.) Penn National does not question the Court's decision in this respect; on the contrary, the Court's decision in this regard was entirely correct.

Despite the Court's conclusion that "there is no possibility that a judgment against [River City] will be covered under the policies" (Dkt. 48 at 11), however, the Court nevertheless denied the summary judgment motion "as to the duty to indemnify[,] as a ruling on that duty should be deferred until after a final ruling in the" Underlying Action. (Dkt. 48 at 12.) It is here that the Court's decision went astray – perhaps due to insufficient clarity in Penn National's Complaint in this action (Dkt. 1, ¶¶ 10-11; *cf.* Dkt. 48 at 7 n.3) or in Penn National's briefs supporting the summary judgment motion (Dkt. 34, Dkt. 45) – in holding that because "[c]ourts in this district have refrained from determining an insurance company's duty to defend until after the [underlying] state court has made its decision," the Court cannot enter a decision on Penn National's duty of indemnification in this instance. (Dkt. 48 at 6.) The Opinion's statement of Virginia law is only partially correct, as explained herein. For this reason, Penn National respectfully asks the Court to take another look at the controlling law in this regard, as discussed herein. If there was insufficient clarity in Penn National's previous briefing, Penn National endeavors to provide that clarity here.

As discussed below, the Court's decision that the duty to indemnify in this instance must await the conclusion of trial in the Underlying Action is based upon an incomplete recital of the law.

Leaving open the question of Penn National's duty of indemnification *despite expressly holding that Penn National has no duty to defend River City* contravenes Virginia's black-letter principles of insurance law, and that portion of the Order[4] constitutes "clear error" as contemplated under Rule 54(b)'s controlling standard. The Court is therefore urged to correct that error in the interests of justice and judicial efficiency. This case does, in fact, present one of the admittedly rare instances where the Court should reconsider a previous decision and amend an interlocutory order; upon such correction and amendment here, Penn National asks the Court to enter final judgment in its favor.

LEGAL STANDARD GOVERNING RULE 54(b) MOTIONS FOR RECONSIDERATION

Rule 54(b) of the Federal Rules of Civil Procedure provides, in part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under the Rule, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *U.S. Tobacco Coop., Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018). Rule 54(b) permits the "district judge [to] exercise the discretion to afford relief from interlocutory orders 'as justice requires.'" *Midgett v. Hardcastle*, No. 2:17cv663, 2018 U.S. Dist. LEXIS 17596, *7 (E.D. Va. Oct. 3, 2018), quoting 899 F.3d at 256.

---

[4] The Court also rejected Penn National's argument that it had neither a duty to defend nor indemnify River City because both of Penn National's insurance contracts had been canceled before the damage alleged in the Underlying Action occurred. (Dkt. 48 at 7-8.) The present Motion does not address that argument, but instead is limited to the question of whether the Court committed clear error in holding in abeyance the question of whether Penn National has a duty of indemnification despite the Court's holding that Penn National has no duty to defend River City. Penn National reserves the right to appeal the Court's decision in connection with the insurance contracts' cancellation if the Court ultimately enters a final judgment in this case adverse to Penn National.

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2005). While "courts often consider the same factors" as those applied to final judgments under Rule 59, *Nautilus Ins. Co. v. Strongwell Corp.*, 968 F. Supp.2d 807, 823 (W.D. Va. 2014), Rule 54 affords "broader flexibility to revise *interlocutory* orders before final judgment." *U.S. Tobacco*, 899 F.3d at 256 (orig'l ital.), citing 326 F.3d at 514-15. *Compare* Fed. R. Civ. P. 59(e). Generally, therefore, courts "may grant a motion for reconsideration under Rule 54(b): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." *Midgett*, 2018 U.S. Dist. LEXIS 171596, *7. Penn National presents the instant Motion under the third prong of that standard.

I. UNDER VIRGINIA'S "EIGHT CORNERS" RULE, THERE CAN BE NO DUTY TO INDEMNIFY WHEN THERE IS NO DUTY TO DEFEND

In the Court's Memorandum Opinion, it quite rightly observed that under Virginia law an "insurer's duty to defend . . . is broader than [the] obligation to pay, and arises whenever the complaint alleges facts and circumstances some of which would, if proved, fall within the risk covered by the policy." (Dkt. 48 at 6) (quoting *AES Corp. v. Steadfast Ins. Co.*, 725 S.E.2d 532, 535 (Va. 2012)). The Court also correctly noted that "if it clearly appears that the insurance policy would not cover any of the allegations in the complaint, the insurer has no duty to defend." (Id.) (quoting *Penn. Nat'l Mut. Cas. Ins. Co. v. Block Roofing Corp.*, 754 F. Supp.2d 819, 822 (E.D. Va. 2010)).

The Court did not note, however, that "[b]ecause the duty to defend is broader than the duty to indemnify, ***if there is no duty to defend there can be no duty to indemnify***." *Builders Mut. Ins. Co. v. Futura Group, LLC*, 779 F. Supp.2d 529, 534 (E.D. Va. 2011) (emph. supp'd), citing *Penn-*

- 5 -

*America Ins. Co. v. Coffey*, 368 F.3d 409, 413 (4th Cir. 2004) (applying Va. law). *See Selective Way Ins. Co. v. Crawl Space Door Sys.*, 162 F. Supp.3d 547, 552 (E.D. Va. 2016) (same); *Bohreer v. Erie Ins. Group*, 475 F. Supp.2d 578, 584 (E.D. Va. 2007) ("a duty to defend may arise even though ultimately not duty to indemnify is found, but if there is no duty to defend *ab initio*, there can be no duty to indemnify), citing *Travelers Indem. Co. v. Obenshain*, 245 S.E.2d 247, 249 (Va. 1978); *OOIDA Risk Ret. Grp., Inc. v. Griffin*, No. 2:15cv98, 2016 U.S. Dist. LEXIS 57469, *16 (E.D. Va. Apr. 29, 2016) ("if there is no duty to defend . . . there can be no duty to indemnify"). That is black-letter Virginia law: if an underlying complaint does not allege facts implicating an insurer's duty to defend, then the insurer cannot have a duty to indemnify, either. (See Dkt. 34 at 10-11.)

II. THE COURT'S ORDER AND OPINION CLEARLY MISAPPLY VIRGINIA LAW BY NOT ENTERING FINAL JUDGMENT IN FAVOR OF PENN NATIONAL

Despite the Court's entirely correct holding that the Underlying Action fails to allege facts which, if proven, would implicate Penn National's duty to defend River City in the Underlying Action (Dkt. 48 at 12), the Court nevertheless declined to render a decision on Penn National's possible duty of indemnification, on the ground that "a ruling on that duty should be deferred until a final ruling in the underlying state case." (Id.) That decision flatly contravenes the well settled, hornbook Virginia law discussed above.

The basis for the Court's decision appears to be its reliance on certain decisions from this District in which determination of the duty to indemnify was, in fact, kept in abeyance until the conclusion of the underlying state lawsuit. (Dkt. 48 at 6-7.) Specifically, the Court cited *Block Roofing*, *Capital Env't Services, Inc. v. N. River Insurance Company*, and *Morrow Corp. v. Harleysville Mutual Insurance Company*. Unlike the present case, ***in none of those decisions did the Court hold that the insurer had no duty to defend***. On the contrary, in each of those cases the

Court held that the underlying allegations, if true, would implicate insurance coverage, and for that reason the insurer *did have* a duty to defend, and – depending on the outcome of the underlying trial – possibly a duty to indemnify, as well. *See Block Roofing*, 754 F. Supp.2d at 827; *Capital Env't Servs., Inc. v. N. River Ins. Co.*, 536 F. Supp.2d 633, 644-46 (E.D. Va. 2008); *Morrow Corp. v. Harleysville Mut. Ins. Co.*, 101 F. Supp.2d 422, 434-35 (E.D. Va. 2000). Because in all three cases the Court held that the insurer had a duty to defend its insured based upon the underlying allegations, the Court declined to render a decision on indemnification until after trial in the underlying lawsuit. In short, the presence of a duty to defend raised at least the possibility of there also being a duty of indemnification, necessitating that a final judgment await the outcome of the underlying trial.

Here, there is no such impediment to entering final judgment on the duty to indemnify: the Court has already concluded that Penn National has no duty to defend based upon the underlying allegations and the Insurance Contracts' terms, conditions, limitations, and exclusions. (Dkt. 48 at 12.) "***[I]f there is no duty to defend . . . there can be no duty to indemnify***." *OOIDA Risk*, 2016 U.S. Dist. LEXIS 57469, *16 (emph. supp'd). *See Coffey*, 368 F.3d at 413; *Selective Way*, 162 F. Supp.3d at 552; *Futura Group*, 779 F. Supp.2d at 534; *Bohreer*, 475 F. Supp.2d at 584.[5] As the Court has very correctly held, "no judgment, based on the allegations against River City [in the Underlying Action], would be covered under [Penn National's] policies. . . ." (Dkt. 48 at 12.) That holding – which constitutes the law of the case[6] – means not only that Penn National has no

---

[5] This Court's decisions interpreting and applying Virginia law in this regard, as well those of the Fourth Circuit, can be stacked up like figurative cordwood. Those cited herein are merely a representative sampling.

[6] The law of the case "doctrine 'restricts a court to legal decisions it has made on the same issues in the same case.'" *DietGoal Innovs., LLC v. Wegmans Food Mkts., Inc.*, 993 F. Supp.2d 594, 600 (E.D. Va. 2013), quoting *MacDonald v. Moose*, 710 F.3d 154, 161 n.10 (4th Cir. 2013). This doctrine "must be followed in subsequent proceedings in the same case unless, among other exceptions, 'the prior decision was clearly erroneous and would work manifest injustice.'" *Id.*, quoting *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988). The

duty to defend River City in the Underlying Action; it also means Penn National has no duty to pay a judgment against River City in that action.

Because Penn National cannot have any duty to indemnify River City – or to pay Branch for any judgment against River City in the Underlying Action – the Court should modify its March 3, 2022 Order to enter final judgment in Penn National's favor.

### III. THE COURT'S DECISION NOT TO ENTER FINAL JUDGMENT FOR PENN NATIONAL WORKS MANIFEST INJUSTICE

The Court's decision not to enter judgment to the effect that Penn National has no duty to indemnify River City (or Branch) in connection with the Underlying Action – notwithstanding the Court's holding that Penn National has no duty to defend River City in that lawsuit – constitutes a "clear error" under Rule 54(b)'s standard, as that decision contradicts the well-settled principle that when there is no duty to defend, there can be no duty to indemnify. Unless the Court acts to correct that clear error, the result will be manifest injustice toward Penn National, as well as inefficient judicial administration in this lawsuit and the Underlying Action, as well.

Although the Court has relieved Penn National from the duty to defend River City, the failure to simultaneously hold that Penn National is relieved of the duty to indemnify River City for an adverse underlying judgment leaves Penn National with no practical choice but to continue defending River City voluntarily: as Branch admits that River City is defunct and "uninterested" in defending itself in the Underlying Action (Dkt. 35, ¶ 10),[7] the inevitable result of Penn National not continuing to defend River City would be entry of a judgment against River City in the Underlying Action. So long as there is even the remote (albeit erroneous) prospect of Penn

---

only aspect of the Court's March 3 order and opinion which qualifies as "clearly erroneous" is the decision to hold in abeyance the question of indemnification.

[7] A "judicial admission is usually treated as absolutely binding." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963).

- 8 -

National being held liable by this Court to indemnify River City and/or Branch for such an adverse judgment, Penn National has no reasonable or realistic option but to continue to defend River City. Doing so will thus force Penn National to incur the considerable cost of continuing to defend River City when, clearly, it has no legal obligation to provide such a defense. Presenting Penn National with such a Hobson's choice between declining to defend River City at great expense, or being faced with the prospect of possibly being held liable to pay a judgment against River City, is manifestly unjust, and it clearly prejudices Penn National.

The Court's decision not to enter final judgment in Penn National's favor also will result in the inefficient administration of both this case and the Underlying Action. Had the Court correctly held that Penn National has no duty to indemnify either River City or Branch, and entered final judgment for Penn National, this action would now be at an end and it would no longer require the Court's and the parties' attention and resources. Because the Court has not entered final judgment for Penn National, however, the case remains active on the Court's docket, and it cannot be brought to an end until the Underlying Action is concluded (or the Court opts to grant the instant Motion). The inefficiency for the Court, and the parties, is clear.

Similarly, as Penn National will be forced, as a practical matter, to continue to defend River City in the Underlying Action even though Penn National ultimately could have no duty to indemnify River City or Branch for an adverse judgment, there will be confusion and uncertainty among the parties in that action (and their respective insurers) as to whether Penn National could be expected to contribute toward any potential settlement of the claims in that lawsuit. Other parties, and insurers, will doubtless look to Penn National to make such a contribution if there are efforts toward settlement, and Penn National certainly will resist all such demands based on this Court's holding that Penn National has no duty to defend River City: if there is no duty to defend,

there can be no duty to indemnify. (See section I above.) That confusion and uncertainty can only complicate any efforts toward there being a compromise settlement in the Underlying Action, thereby creating a higher likelihood of the litigation continuing through trial, occupying the resources of all the parties and the Richmond Circuit Court, and forcing all parties and insurers to incur further litigation costs that might otherwise be avoided.

## CONCLUSION

For all of the foregoing reasons, Penn National respectfully prays that the Court grant its Motion, enter an Order correcting and amending its March 3, 2022 Memorandum Opinion and Order (as well as granting Penn National's pending motion for default judgment against River City), and enter final judgment in Penn National's favor.

Respectfully submitted,

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY**

By: SETLIFF LAW, P.C.

/s/ Kevin T. Streit
Of Counsel

Kevin T. Streit (VSB No. 45024)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
(804) 377-1260
(804) 377-1280 (facsimile)
kstreit@setlifflaw.com
*Counsel for Pennsylvania National
   Mutual Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March, 2022, a true copy of the foregoing was transmitted to the following via the Court's ECF system:

>Kenneth F. Hardt, Esq.
>Sinnott, Nuckols & Logan, P.C.
>13811 Village Mill Road
>Midlothian, Virginia 23114
>khardt@snllaw.com
>*Counsel for Branch Builds, Inc.*

>      /s/ Kevin T. Streit
>Kevin T. Streit (VSB No. 45024)
>SETLIFF LAW, P.C.
>4940 Dominion Boulevard
>Glen Allen, Virginia 23060
>(804) 377-1260
>(804) 377-1280 (facsimile)
>kstreit@setlifflaw.com
>*Counsel for Pennsylvania National Mutual*
>  *Casualty Insurance Company*

- 11 -